IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY CLARK,

Petitioner,

v. Case No. 26-cv-373-jdp

WARDEN EMMERICH,

Respondent.

---

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

---

**INTRODUCTION**

Bradley Clark, an inmate at FCI-Oxford, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Although the petition is not clear, he appears to be claiming he is entitled to time credits under the First Step Act (FTCs). Specifically, he argues that BOP has improperly aggregated his two convictions, one which would render him FTC-ineligible and the other which wouldn't, into a single sentence. He seeks an order compelling BOP to allow him to earn FTCs on his eligible sentence.

But he is not entitled to this relief. Clark is ineligible to earn FTCs due to a disqualifying conviction under 18 U.S.C. § 3632(d)(4)(D). Courts have repeatedly held that BOP is statutorily required to aggregate sentences into a single sentence for administrative purposes—including determination of FTC-eligibility. And for this

reason, "a prisoner who is serving an aggregate sentence partly derived from a crime that is ineligible for First Step Act time credits may not receive such credits for any part of the sentence." *United States v. Barenas-Reynoso*, No. 19-CR-00351-8, 2026 WL 265565, at *2 (N.D. Ill. Feb. 2, 2026). So, Clark is ineligible to earn FTCs on any part of his term of imprisonment. Accordingly, the petition should be dismissed.

## BACKGROUND

### I. Factual Background

Bradley Clark is an inmate at FCI-Oxford. Dkt. 1-1 at 2; Declaration of H. Marshall, July 6, 2026, ¶ 2. On December 8, 2008, he was convicted of Conspiracy to Manufacture 5 or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and Possession of a Firearm in Furtherance of and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)B)(ii). Judgment, *United States v. Bradley Scott Clark*, Case No. 3:07-cr-30112-JES-BGC (C.D. Ill. Dec. 8, 2008), Dkt. 44 at 1. He received a 60-month sentence for the meth offense and a 360-month sentence for the firearm offense, to run consecutively, with 5 years of supervised release to follow. *Id.* at 2-3; Marshall Decl. ¶ 2. His projected release date with good time credits is April 21, 2038. Marshall Decl. ¶ 2.

BOP has found that Clark is ineligible to earn FTCs because he is serving a sentence for a disqualifying conviction under 18 U.S.C. § 3632(d)(4)(D). *Id.*

### II. Statutory Background

The First Step Act of 2018 (FSA) permits eligible inmates who successfully complete recidivism reduction programs or activities to receive time credits (FTCs) to

be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A) and (C). To determine whether an inmate earns FTCs under the FSA, the BOP conducts a risk and needs assessment referred to as the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN). The PATTERN assessment places an inmate in one of four recidivism risk categories: high, medium, minimum, or low. *See* 18 U.S.C. § 3632(a).

After receiving a PATTERN score, an inmate must successfully complete qualifying anti-recidivism programs and activities to begin earning FTCs. 18 U.S.C. § 3632(d)(4)(C). Even if an inmate is eligible to earn time credits, those credits can only be applied toward prerelease custody or early transfer to supervised release if the inmate has: 1) earned FTCs in an amount equal to the remainder of the inmate's term of incarceration; 2) shown through periodic risk assessments, a demonstrated recidivism risk reduction, or maintained a minimum or low risk, while imprisoned; and 3) had the remainder of his imposed term of imprisonment computed under applicable law. 18 U.S.C. § 3624(g)(1)(A)-(C); 28 C.F.R. § 523.44(b).

To apply FTCs towards transfer to prerelease custody, an inmate must satisfy one of two additional criteria. He must either maintain a minimum or low recidivism risk through his last two assessments, or he must obtain approval from the warden for transfer to prerelease custody, after the warden determines that the inmate is not a danger to society, has made a good faith effort to lower his recidivism risk, and is unlikely to recidivate. 18 U.S.C. § 3632(g)(1)(D)(i); 28 C.F.R. § 523.44(c).

## ARGUMENT

However, the FSA excludes prisoners with certain convictions from earning FTCs. In particular:

> A prisoner is ineligible to receive time credits under this paragraph [FTCs] if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Clark is serving a sentence for a conviction under 18 U.S.C. § 924(c)(1)(B)(ii). So, he is ineligible to earn FTCs. *See United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (a § 924(c) conviction "bars [a prisoner] from receiving good-time credit under the First Step Act").

Clark may be arguing that he was entitled to earn FTCs for his 60-month meth offense, but BOP improperly denied him those FTCs (again, the petition is not entirely clear). Dkt. 1 at 5-7. He cites 18 U.S.C. § 3584(c) and BOP Program Statement 5880.28, the statute and agency program statement requiring that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). And he claims that, since the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), BOP may not interpret "administrative purposes" in § 3584(c) to include determinations of eligibility to earn FTCs. Dkt. 1 at 5-8.

Not so. *See Giovinco v. Pullen*, 118 F.4th 527, 533 (2d Cir. 2024) ("Congress has directed that—for the purposes of administering a judicially imposed sentence—the BOP must aggregate multiple terms of imprisonment. That 'administrative purpose'

includes the implementation of the FSA time credit program that may reduce the sentence."). In fact, "[m]ultiple district courts in [the Seventh] circuit have held that a prisoner who is serving an aggregate sentence partly derived from a crime that is ineligible for First Step Act time credits may not receive such credits for any part of the sentence." *Barenas-Reynoso*, 2026 WL 265565, at *2.

These include a court in this district—in a nearly identical case. *See Broadnax v. Keyes*, No. 22-CV-520-WMC, 2023 WL 8481559, at *2 (W.D. Wis. Nov. 3, 2023). In *Broadnax*, "[c]onsistent with § 3584(c), the BOP aggregated [the petitioner's] consecutive terms of imprisonment, which means that it deems him to be serving a single, aggregate term of imprisonment for [both] convictions." *Id.* And, "because prisoners serving a sentence for a conviction under § 924(c)(1)(A)(i) [here, § 924(c)(1)(B)(ii)] are specifically excluded from having FTCs applied to their sentences, § 3632(d)(4)(D)(xxii), [the petitioner] is ineligible to receive these credits." *Id.*; *see also Whitfield v. Sproul*, No. 3:23-CV-02687-JPG, 2024 WL 4434086, at *2 (S.D. Ill. Oct. 7, 2024) ("[A] defendant's sentence is one aggregate sentence, made up of component sentences, but ultimately a singular sentence . . . To demonstrate with another idiom: one bad apple spoils the barrel.").

So too here. BOP properly treated Clark's two consecutive terms of imprisonment as a single, aggregate term for both convictions. One of those convictions—under § 924(c)(1)(B)(ii)—renders him ineligible for FTCs. So, he is ineligible for FTCs on his entire 420 (60 + 360) month term of imprisonment.

## CONCLUSION

For these reasons, the petition should be dismissed.

Dated July 6, 2026.

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By:

*/s/ Robert Y. Joynt*
ROBERT Y. JOYNT
Assistant United States Attorney
222 West Washington Ave., Suite 700
Madison, Wisconsin 53703
(608) 264-5158
robert.joynt@usdoj.gov

Of Counsel

Nicholas Milkovich
Attorney Advisor
Department of Justice Bureau of Prisons