UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Bradley Clark, | |
| Petitioner, | |
| v. | Case No. 26-cv-373-JdP |
| | |
| WARDEN, FCI OXFORD, | |
| Respondent, | |

PETITION FOR WRIT OF HABEAS CORPUS UNDER § 2241

BASED ON THE TRADITIONAL TOOLS OF STATUTORY CONSTRUCTION

REPLY

FILED/REC'D 2026 JUL 16 A 10:
U.S. DISTRICT COURT WD OF WI

## LEGAL ARGUMENT

a. Claim-one

BOP's interpretation of §§ 3584(c) and 3632(d) Conflicts with FSA.

Title 18 U.S.C. § 3584(c)(in pertinent part) States: "Multiple terms of imprisonment ordered to run Consecutively or Concurrently shall be treated for administrative purposes as a Single, aggregate term of imprisonment."

Title 18 U.S.C. § 3632(D)(in pertinent part) States: "Ineligible prisoners. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a Sentence for a Conviction under any of the following provisions of law."

BOP's interpretation of § 3584(c) has led to an understanding that Congress (therein) delegated authority to BOP to burden; delay; Strip-away and refuse FSA Time Credit incentives under the guise and or language: "administrative purposes" and "Single aggregate term." Id.

BOP's interpretation of § 3632(D) has led to an understanding that its ineligible Status and or properties or appointment can infect the Status and or properties or appointment of eligible Sentences under the interpretation or understanding of § 3584(c)'s

"administrative purposes" and "single aggregate term"

It is clear that Congress granted authority. However, contested here, is what that authority is and to what extent it is to be applied, as well as to what extent it does not apply.

Pursuant to Carter v. Thompson, there are limits on agency interpretations. 690 F.3d 837 (7th Cir. 2012). Such limits are required here because BOP's interpretation of § 3584(c) produces action that contravenes the First Step Act (FSA).

On June 28, 2024, the Supreme Court overruled Chevron, and Courts are no longer required to give deference to agency interpretations of ambiguous statutory text. Loper Bright Enterprises, 144 S. Ct. 2244. The Court explained, "Courts interpret statutes, no matter the context, based on the traditional tools of statutory construction." Id. at 2268.

"It is cardinal canon of statutory interpretation that a court must begin with the statutory language." In re Philadelphia Newspapers, LLC, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010). Under this canon, when the words of the statute are unambiguous, judicial inquiry is complete. Id.

Therefore, words such as "administrative", when construed plainly, pursuant to: Webster's Collegiate Dictionary, 6th Edition, juxtapose: Webster's Thesaurus.

administrative: "the function or duty of supervision, watching or guarding for the sake of proper direction or control. See Webster's Collegiate Dictionary, 6th Edition.

Syn: management; oversight; superintendence; supervision; keeping maintenance; handling. See Webster's Thesaurus.

purposes: an object or result aimed at. See Webster's Collegiat Dictionary id.

Syn: animus; design; intendment; intent; meaning; plan. See Webster's Thesaurus id.

aggregate: formed by the gathering of units into one mass. See Webster's Collegiate Dictionary id.

Syn: add; sum; comprise; subsum. See Webster's Thesaurus id.

Petitioner does not assume this court's authority, rather ensuring he does not submit baseless claim. Regarding the operative words it appears that Congress meant that BOP is authorized under § 3584(c) to:

In cases wherein an inmate is serving multiple sentences that may consist of multiple Case Nos.; Files; or Suggestions; to help or assist in streamlining such cases, BOP is authorized to create a single central file, through aggregation (aggregate).

The compiled information can be studied and condensed to frame a more comprehinsive, paintedly target focused, "Personal Individualized Needs Plan", that provides a guide to assist with rehabilitation. The same would, then be forwarded to the facility housing the individual, for implementation.

Cases that include a § 3632 (d) ineligible sentence and an otherwise eligible sentence, e.g. i prisoner is sentenced to multiple terms: 60 months ineligible sentence and a 120 month eligible sentence.

Through "aggregate" the sentence becomes 180 months. Under "administrative purposes", BOP decides at what point the 60 month ineligible term is recognized (out of the 180 months).

This function actually is consistent with the provided meanings and synonyms of the operative words and is consistent with First Step Act purposes, and is partially with BOP see Individualized Needs Plan.

This means that time credit incentives for eligible sentences begin application (as interpreted by the court) at sentencing once custody is remanded.

For those ineligible sentences, they are not recognized by the triggering mechanism because they were written-out of the automatic system. Therefore, it appears BOP has acted outside of their statutory authority. See Administrative Procedure Act 8 & 5 U.S.C. § 706(2).

"Delaying credits calculation based on bureaucratic designation violates Congressional intent." See Heath v. Knight, 2024 U.S. Dist. LEXIS 231622 (D.N.J. 2024)

Because once sentence commences, a prisoner can "earn" FSA Time Credits: 10 days credit, for every 30 days served. Prisoner must not opt-out or refuse to participate in Evidence Based Recidivism Reduction (EBRR) Programing. See § 3632(d)(4)(A)(i);

Pursuant to § 3632(a) BOP is responsible for ensuring that Federal prisoners have readibly accessable access to EBRR Programing througout the BOP Secure Custody Network.

"BOP cannot withhold earned FSA credits due to delays in program assignment". See Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020).

The Sentenced classifying as a minimum or low risk of recidivating (minimum or low security) prisoner, "earn" an additional 5 FSA Time Credit days for every 30 days served, from sentence commencement. See § 3632 (d)(4)(A)(ii)

"BOP must apply FSA credits prospectively and retroactively." see Colon v. Knight, 2023 WL 123853); Heath v. Knight, 2024 U.S. Dist. LEXIS 231622 (D.N.J. 2024)

It is established that FSA Time Credits are applied at Sentence Commencement; in the amounts of 10 & 5 days, and as interpreted by the court: "Congress created a right to have those credits applied toward early release." see Goodman v. Ortiz, 20 F.4th 825, 828 (3d. Cir. 2021)

argument expansion: BOP's interpretations lead to Conditions.

BOP's interpretations create Conditions; Contrary to Chicago, and the Conditions are Created through omission of and re-constructing Congress's plain text "early release," which is mandated as a reward, directed to be applied to sentences of prisoners that do not opt-out of EBRR Programing and who are and maintain a minimum or low risk of recidivating (minimum or low security level). That language has been reconstructed, thereby eliminating its meaning at enactment.

Pursuant to Carter v. Thompson, there are limits on agency interpretation. 690 F.3d 837 (7th Cir. 2012) Such limits are required here because BOP's understanding of § 3584(c) as interpreted produces action that contravenes the First Step Act (FSA).

BOP's interpretation of § 3584(c) produces an official BOP action/practice or procedure wherein FSA Time Credit incentives are burdened.

Under "administrative purposes" through "aggregate," BOP infects an otherwise eligible Sentence, with the ineligible status of a Sentence imposed after conviction of violating § 3632 (D) "provisions of law."

FSA Time Credits are entitlements," Congress created a right to earn time credits and a right to have those credits applied toward early release" See Goodman v. Ortiz, 20 F.4th 825, 828 (3d Cir. 2021);

By creation of said rights, Congress meant for automatic application once triggered. "Congress directed that credits are earned after the term of imprisonment commences, which under the statute, not the rule, occurs at sentencing once custody is remanded." See Heath v. Knight, 659 F. Supp at 217.

The "Statute" referred to in Heath, is:

§ 3584(c) is not constructed with any terminology that has a context; synonym; meaning or any variation thereof that clearly coveys delegation of authority to BOP to burden; delay; refuse or adversely engage FSA Time Credits.

Under the "Major Questions Doctrine, Congress must speak clearly before eliminating a liberty benefit." See West Virginia v. EPA, 142 S. Ct. 2587 (2022). Congress did not do-so in §§ 3584(c) or 3632(D), especially considering the plain language, as well as "Congress must speak clearly" which is required and must be plainly expressed before such actionable power can be exercised by BOP.

§ 3632(D) is not constructed with any language that authorizes BOP to infect an FSA Time Credit eligible sentence with the ineligible status of its appointment, as to do-so impedes FSA Time Credit incentives application.

BOP engages such action under the guise of interpretation of the named statutes and this issue has been addressed before by the Seventh Circuit in City of Chicago v. Sessions, a Seperation-of-Powers / Statutory-Authority case where the court rejected an agency's attempt to read open-ended "including" / catch-all language as a blank check.

Analogous to BOP's open-ended interpretation of § 3584(c)'s "administrative purposes... single aggregate term," as well as BOP's overbroad construction (due to unauthorized action) of § 3632(D).

The Court held, "A clause in a catch-all provision would be an odd place indeed to put a sweeping power to impose any conditions on any grants." 888 F.3d 272 (7th Cir. 2018). BOP's reading of §§ 3584(c)'s "administrative purposes... a single aggregate term" as a sweeping grant of power, is improper.

The Court rejected reading the "including" language as "unbounded authority to impose 'any' conditions generally." The Court should do the same here because BOP interprets "administrative purposes... a single aggregate term," as unbounded authority to impose any conditions generally.

Conditions such as limiting "early release," as interpreted by the Court in Goodman v. Ortiz, 20 F.4th 825, 828 (3d Cir. 2021) to reflect "'early' supervised release"' see Program Statement 5410.01; "prerelease custody' or 'supervised release"' see 28 C.F.R. Part 523 Subpart E.

Petitioner does not argue that, early supervised release; prerelease custody and supervised release are not conditions

authorized by Congress, as those conditions provide an avenue for differently sentenced eligible prisoners to have access the FSA entitlements.

However, BOP comits the same statutory interpretation error that was identified in Heath as being invalid. Only, here there is no explicit parenthetical. BOP comits the error through omission of "early release." BOP also employs language such as: "having FSA earned time credits applied to their sentence". See Change Notice 5410.01 CN-1, which is also not an accurate interpretation of "early release."

There is no BOP Regulation or Program Statement wherein "early release" is expressed as interpreted by the court. This claim is supported by the fact that prisoners that are not sentenced to a term of supervised release cannot earn or have FSA Credits applied.

This is the equivalent of BOP expressing "we can do anything because the statute" says or authorizes "administrative purposes... a single aggregate term". [""] see Chicago v. Sessions, 888 F.3d 272 (7th Cir. 2018); [""] § 3584(c). The Court stated: "big power needs clear delegation", and that does not exist here.

The Seventh Circuit also opined, when framing the issue as

the "Executive 'Usurp[ing]' Congress's Spending/legislative role when it tries to Create new Conditions not authorized by statute.'" See City of Chicago v. Barr, 961 F.3d 882 (7th Cir. 2020) Chicago alleged the conditions lacked statutory authority, so the imposition is therefore ultra vires and a violation of the Separation of Powers.

As here, to omit "early release", essentially Creates "new" conditions of the remaining applications because it is done through narrowing Congress's mandated directive by foreclosing access to the "early release" reward. Thereby Contravening the First Step Act.

"The First Step Act is remedial legislation designed to reduce incarceration... and ensure fairness." See Peyton v. Rowe, 391 U.S. 54 (1968); Congress enacted the First Step Act to reduce recidivism and unnecessary incarceration, and to ensure that prisoners engaged in productive programming are rewarded with earlier release.

Critical Language (Problematic Omission)

Early Release is not present:

Program Statements: 5880.28 (CCCA/SRA "new" Federal Sentences)
5880.30 ("old"/pre-CCCA 1984)

28 C.F.R. §§ Part 523 (Computation of Sentenc / Good Time); 2.5 (Sentence Aggregation); 0.96 (Delegation / Rulemaking), have completely omitted the early release language.

Well, the language remains, "early' supervised' release"; "pre' releas custody" or "early' pre' release' custody". see Program Statement 5410.01; 28 C.F.R. Part 523 Subpart E.

The language is present, although not as Congress constructed or as Congress intended. Therefore, omission has caused the mandated (reward) directive and its meaning's purpose to be lost. Thereby Conflicting with FSA purposes.

This represents ultra vires because BOP (agencies) cannot manufacture consequences Congress did not enact. Pursuant to United States v. Haymond, 139 S. Ct. 2369, 2373 (2019) (courts, not agencies, determine punishment), and to arbitrarily burden or impede FSA incentives effectively punishes the prisoner because:

"Statutory Credits Create a protected liberty interest" see Wolff v. McDonnell, 418 U.S. 539 (1974); "Congress created a right...to have those credits applied to early release." Goodman v. Ortiz, 20 F. 4th 825, 828 (3d Cir. 2021); "FSA Credits are mandatory, enforceable via § 2241." Goodman, at 825; "2241 is the proper mechanism For FSA Credit Claims." Shorter v. Warden, 803 F. App'x 322 (11th Cir. 2020).

BOP bears responsibility for correctly determining whether the statutory exclusion applies, and a court reviewing the execution of sentence under § 2241 may require the agency to identify the actual legal bases for its denial. "Eligibility exclusion must be narrowly construed." Laws v. Warden, 66 F.4th 142 (3d Cir. 2023). The exclusion must be proven, supported upon Congress's authorization.

"An agency is entitled to reinterpret an ambiguous regulation but it cannot rewrite an unambiguous one through the guise of interpretation." See Baez-Sanchez v. Barr, No. 19-1642 (7th Cir. Jan. 23 2020) (Easterbrook, J.) "We defer to an administering agency's interpretation of a statute only if the statute is ambiguous." See Preston v. Midland Credit Mgmt, Inc., No. 19-3119 (7th Cir. Jan. 21, 2020) (Ripple, J.)

The Seventh Circuit Law has repeatedly held that agencies may not:

Rewrite plain statutory text,

Add conditions through regulation, policy or action;

Narrow mandatory language through administrative interpretation

Where Congress has spoken clearly, "that is the end of the matter." An agency's contrary view is owed no deference and must be set aside

Here, BOP strips-away and or refuses to apply FSA Time Credits due to it's interpretations and that has led to BOP substituting its own administrative framework for Congress's directive.

The result is identical: the statute is null as it cannot operate as Congress prescribed. Just as in Heath, the BOP's interpretation:
Narrows a mandatory statutory command,
Introduces conditions Congress did not authorize or enact, and
Extends the length of imprisonment through administrative fiat.

The misrepresentations Directly Affects First Step Act Credit Stacking adversely, because when BOP arbitrarily impedes FSA Time Credit accrual regarding eligible sentences, stacking is foreclosed.

BOP is effectively rewriting two statutes: Using the ineligible status of § 3632 (D) sentences to infect the status of an eligible sentence, when the language of the statute does not authorize or direct such action; and

§ 3584(c) by stealthily operating under authorization to: "for administrative purposes... treat as a single aggregate term," to act as lawmaker and administer of justice.

Courts accross this Nation and it's territories (Circuits & Districts) have consistently held: the court concludes there is an error in Respondent's understanding of when Petitioner can begin earning Credits." see Huihui v. Derr, No. 22-541, 2023 U.S. Dist. LEXIS 106532, 2023 WL 4086013 at 3 (D. Haw. 2023);

Yufenyuy v. Warden, FCI Berlin, 659 F. Supp. 3d 213, 214 (D.N.H. 2023); Heath v. Knight, 2024 U.S. Dist. LEXIS 231622 (D.N.J. 2024); Jackson v. Doerer, No. 5:24-01353-ADS, 2024 U.S. Dist. LEXIS 203459, 2024 WL 4719489, at 8 (C.D. Cal. Nov. 7, 2024); Patel v. Barron, No. 23-937, 2023 U.S. Dist. LEXIS 174601, 2023 WL 6311281 (W.D. Wash. Sept. 28, 2023) (not an exhaustive list).

The District of New Hampshire consistently rejected over-broad construction of FSA that conflicts with Congress's intent and text. Those Courts emphasized that when statutory language is plain, "the inquiry ends there." See Umejesi, No. 22-251, 2023 WL 4101471 (D.N.H. 2023); Yufenyuy, 659 F. Supp. 3d 213, 214 (D.N.H. 2023); Komando, No. 22-425, 2023 U.S. Dist. LEXIS 70827, 2023 WL 4101540 (D.N.H. Mar. 16, 2023) & U.S. Dist. LEXIS 70442, 2023 WL 4101457 (D.N.H Apr. 23, 2023).

Based on filing dates, all follow: Carter v. Thompson, 690 F.3d

837 (7th Cir. 2012) regarding limits on agency interpretations.

As submitted herein, there is insurmountable evidence and support for Judicial enforcement of Strict Compliance with Congress's mandates and or mandated directives; intent and plain text.

Also in Support of: as stated by the Jackson Court "the Court has not found,... Respondent has not cited any case ruling in its favor on this issue." see Jackson v. Doerer, No. 5:24-01353-ADS, 2024 U.S. Dist. LEXIS 203459, 2024 WL 4719489, at 8 (C.D. Cal. Nov. 7, 2024)

Petitioner has not found any case ruling to the Contrary on this issue. Likely because, "A clause in a catch-all provision would be an odd place indeed to put a sweeping power to impose any Conditions on any grant." see City of Chicago v. Sessions, 888 F.3d 272 (7th Cir. 2018)

The Chicago Court's quote Could actually be an address to the instant matter because BOP has Supplanted Congress's mandated "early release" reward, attainable through accrual and cashing-in (applying FSA Time Credits to sentence toward "early release") Credits toward "early release," with Conditions only, such are:

"prerelease custody" or "early supervised release." The words remain present, however, they are separated, thereby eliminating the plain text meaning that they convey when in the juxtaposition used by Congress. This is statutory reconstruction of plain statutory text (unambiguous text) and therefore conflicts with the ESA and all law that insist on compliance with Congress's clear intent.

In light of the probability that the court is correct in its interpretation, which is consistent with the ESA "Congress created a right... to have these credits applied toward early release." Goodman, 20 F.4th 825, 828 (3d Cir. 2021)

Contrary to: BOP's Program Statement 5410.01 (Nov. 18, 2022) only mentions "prerelease custody" (RRC/Home Confinement) and if criteria are met, to early Supervised Release. Thereby completely omitting Congress's text: "early release" and also its meaning, while acknowledging implementation of conditions. Were these "rewards" included in Congress's mandate: Yes, although not only them because to leave "early release" out, cuts some prisoners out of the ESA's purpose, that otherwise are eligible.

To do such would contravene the ESA itself, and Congress did not do that, which fails rational bases review under McGinnis v. Royster, 410 U.S. 263 (1973), because to burden an entitlement without authorization is completely irrational.

## RELIEF

Petitioner seeks RELIEF from this Court in the form of having FSA Time Credit incentives applied, as earned pursuant to § 3585(a) in the amount of 10 FSA Time Credit days for every 30 days, pursuant to: § 3632(d)(4)(A)(i), as Petitioner has not opted-out of participating in EBRR Programing; and

Petitioner has been since custody was remanded, a minimum or low risk of recidivating (minimum or low security level) prisoner and therefor, pursuant to: § 3632(d)(4)(A)(ii) has earned an additional 5 days for every 30 day served. Petitioner request that this court "Compel" BOP to apply FSA Time Credits prospectively and retroactively". see OBryan v. Cox, 15 F.4th 889 (10th Cir. 2021); and GRANT A WRIT OF HABEAS CORPUS; or:

To GRANT other RELIEF this Court deems Just and Proper.

## CONCLUSION

BOP's interpretations Conflict with the FSA's purposes and with the text and intent of the Statutes themselves. Therefore, Petitioner request this Court find for Petitioner.

Date: July 13, 2026

Respectfully Submitted:

Bradley Clark

PROSE