IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRADLEY CLARK,

Petitioner,

v.

E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-373-jdp

Bradley Clark, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to award him First Step Act time credits towards placement in prerelease custody or early transfer to supervised release. He concedes that he has a conviction that makes him ineligible to receive at least some of those credits, but he contends that he should still receive credits for the portion of his sentence relating to his other, non-disqualifying conviction. I will deny Clark's petition because the weight of authority supports the BOP's interpretation of the First Step Act prohibiting him from receiving time credits for any portion of his sentence.

## ANALYSIS

The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). But the BOP is prohibited from awarding these earned time credits for certain listed offenses, including if the prisoner is serving

a sentence for "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" under 18 U.S.C. § 924(c). Section 3632(d)(4)(D)(xxii).

Clark is serving consecutive sentences for conspiracy to manufacture five or more grams of methamphetamine under 21 U.S.C. §§ 841 and 846 and possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(B)(ii). *See United States v. Clark*, No. 07-cr-30112 (C.D. Ill.). Clark's petition is somewhat difficult to follow, but I take him to be saying that the First Step Act bars him only from receiving time credits for his possessing-a-firearm-in-furtherance-of-a-drug-trafficking-crime sentence, and that he should receive time credits for his drug charge. He contends that the BOP unlawfully denies him time credits by misapplying 18 U.S.C. § 3584(c), which provides, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

But almost all courts—including this one—considering the issue have concluded that a prisoner who is serving an aggregate sentence composed of disqualifying and non-disqualifying offenses is ineligible to earn First Step Act earned time credits for any portion of that aggregate sentence. *See, e.g.*, *Diaz-Mendez v. Emmerich*, No. 26-cv-432-jdp, 2026 WL 2099230, at *2 (W.D. Wis. July 21, 2026); *Broadnax v. Keyes*, No. 22-cv-520-wmc, 2023 WL 8481559 (W.D. Wis. Nov. 3, 2023); *Corbin v. Rudolph*, No. 23-cv-3867, 2026 WL 759086, at *3 (S.D. Ill. Mar. 18, 2026) (collecting court of appeals cases); *see also United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (stating, in a different context, that a prisoner convicted of multiple offenses, including a § 924(c) violation, would be ineligible for First Step Act time credit under § 3632(d)(4)(D)(xxii)). Clark doesn't present any persuasive reason to diverge from these rulings. So I will deny Clark habeas relief.

## ORDER

IT IS ORDERED that:

1. Petitioner Bradley Clark's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered August 24, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge